UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DENNIS LEON THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-656 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The petitioner, Dennis Leon Thomas (#1597680), seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2009 state felony conviction of aggravated assault. The respondent has filed a motion for summary judgment. (Doc. # 12). Thomas has not filed a response. Based on a careful consideration of the pleadings, the record and the applicable law, this court grants the respondent's motion and by separate order enters final judgment dismissing the case. The reasons for this ruling are set out below.

### I.    PROCEDURAL HISTORY

Thomas was convicted of aggravated assault in the 23rd District Court of Brazoria County, Texas. Upon his conviction, Thomas agreed to a plea offer from the State that included a six-year sentence, on September 10, 2009. In so doing, Thomas signed a statement waiving his right to an appeal. On February 8, 2010, Thomas filed an application for state writ of habeas corpus challenging the conviction and the trial court entered written findings recommending that the application be denied. On April 28, 2010, the Texas Court of Criminal Appeals denied relief on the trial court's findings. The instant federal petition for writ of habeas corpus was filed on September 27, 2010.

1

Thomas argues that he is entitled to relief for the following reasons:

1. Evidence was obtained by an illegal search and seizure.

2. He was denied the right to an appeal.

3. Trial counsel was ineffective for failing to interview state witnesses, specifically, Rose Toles.

The respondent argues that Thomas' federal petition should be dismissed because he has not sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254 (b) and (c).

## II. STANDARD OF REVIEW

The federal habeas corpus scheme of review requires petitioners to first present their claims in state court and to exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b). "To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court." *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law ground. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Lee v. Kemna*, 534 U.S. 362, 375 (2002). The doctrine of procedural default also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Coleman*, 501 U.S. at 732 (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights").

The State correctly argues that Thomas has not exhausted his state court remedies on any of the claims presented in his federal petition, and Thomas specifically admits this as to claims 1

and 2. (Doc. No. 1, p. 8). While Thomas did raise an ineffective assistance of counsel claim for failing to investigate witnesses at the state level, he did not identify the witnesses that he was referring to, what their testimony would have revealed or how it would have changed the outcome of the trial. Moreover, the state court ordered Thomas' trial attorney, Bill Leathers, to submit an affidavit concerning the issues presented by Thomas in his state application. With respect to the above claim, Leathers responded:

> After investigating what the testimony would be from the State's witnesses, I encouraged the defendant to accept the plea agreement offered by the State before trial. The defendant refused, however, based on a belief that the alleged victim, Rose Toles, would not testify. To the contrary of the allegations contained in his application, the defendant did not maintain his innocence; rather, he focused on a mistaken belief that the State would not have a cooperating witness necessary in order to prove the case against him. The victim, however, did testify and described the assault against her in great detail at trial. The defendant was subsequently convicted.

Even if Thomas' ineffective assistance of counsel claim was viable, it is clear that an additional investigation or further explanation of the State's witnesses or evidence against him would not have made any difference in this case, and the state habeas court so held.

Thomas provides no explanation for his failure to raise his claims to the state court. As the respondent correctly notes, Thomas' failure to exhaust his state court remedies results in a procedural bar. It is well established that "[i]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000)(citing *Coleman*, 501 U.S. at 735 n.1, and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)). Thomas' unexhausted claims could have been raised in his state habeas corpus application. Accordingly, a successive petition would be barred by the Texas abuse-of-the-writ statute. *See* TEX.CODE

CRIM. PROC.ANN. art. 11.07, § 4(a). Because Texas would likely bar another habeas corpus application by the petitioner on this subject, this default represents an adequate state procedural ground which, in turn, bars federal review of his claims unless an exception applies. *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)).

Where a petitioner has procedurally defaulted on a claim in state court, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

Thomas does not attempt to show that the fundamental-miscarriage-of-justice exception applies in this case. Nor does he attempt to show cause for his default. Even if Thomas were to establish cause, he does not demonstrate the requisite prejudice in that he does not allege or show that his underlying defaulted claim would have been successful. *See Barrientes*, 221 F.3d at 769. Because Thomas fails to meet an exception to the doctrine of procedural default, these claims are barred from further review and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may

proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals ... ' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request a for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After considering all of the pleadings, the state court records, and the applicable law, the Court concludes that none of the issues presented in this case warrant a certificate of appealability under the applicable standard. Therefore, a certificate of appealability will not issue.

IV.  **CONCLUSION**

Based on the foregoing, the Court **ORDERS** that the respondent's motion for summary

judgment is **GRANTED,** the petition for writ of habeas corpus is **DENIED,** and a certificate of appealability is **DENIED.**   All pending motions are **DENIED.**

    SIGNED at Houston, Texas this 27th day of January, 2012.

                                                           Kenneth M. Hoyt
                                                           United States District Judge